Filed 1/13/21  P. v. Cayot CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JACKSON STAS CAYOT,<br><br>    Defendant and Appellant. | H045861<br>(Santa Cruz County<br> Super. Ct. Nos. 17CR08103,<br> 18CR01092, 17CR06943) |

## I.  INTRODUCTION

In case No. 17CR06943, defendant Jackson Stas Cayot pleaded guilty to first degree burglary (Pen. Code, § 459)[1] and was placed on probation for three years.  Subsequently, in consolidated case Nos. 17CR08103 and 18CR01092, a jury found defendant guilty of two counts of battery by gassing (§ 243.9, subd. (a)), one count of battery on a custodial officer (§ 243.1) and one count of assault on a custodial officer (§ 241.1).  The trial court found defendant in violation of his probation in the earlier burglary case.  At a combined sentencing hearing, defendant was sentenced to an aggregate term of 10 years 8 months in prison.

On appeal, defendant contends that the matter must be remanded for the trial court to determine whether he is entitled to mental health diversion under section 1001.36.  For

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

reasons that we will explain, we will conditionally reverse the judgment and remand the matter for the trial court to conduct a mental health diversion eligibility hearing.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A. *Case No. 17CR06943*

In 2017, defendant entered an inhabited residence without permission and with the intent to commit theft.  Defendant was charged by complaint in case No. 17CR06943.  He pleaded guilty to first degree burglary (§ 459).  The trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions, including that he serve 210 days in county jail.

### B. *Case Nos. 17CR08103 and 18CR01092*

In case No. 17CR08103, defendant was charged by first amended information with two counts of battery by gassing (§ 243.9, subd. (a); counts 1 & 2) and one count of assault on a custodial officer (§ 241.1; count 3) for an incident that occurred while defendant was in custody on December 26, 2017.  The information also alleged that defendant had suffered a prior strike conviction (§ 667, subds. (b)-(i)).

In case No. 18CR01092, defendant was charged by information with battery on a custodial officer (§ 243.1; count 1) and assault on a custodial officer (§ 241.1; count 2) after another in-custody incident on February 26, 2018.  The information also alleged that defendant had suffered a prior strike conviction (§ 667, subds. (b)-(i)).

On March 15, 2018, the two cases involving in-custody incidents were consolidated on motion of the prosecutor.  That same day, a second amended information was filed under the earlier of the two case numbers—17CR08103—containing the same counts and allegations from both cases.

The evidence at trial included the following.  On December 26, 2017, two correctional officers were delivering food to inmates in an administrative segregation unit in the county jail.  Defendant threw urine from a cup after his cell door was opened.  The urine

2

hit both officers in the face. Both officers testified that defendant tried to punch one of them. Defendant was eventually handcuffed after additional officers responded.

On February 26, 2018, a correctional officer accompanied a nurse who was distributing medication to inmates at the county jail. At the time, defendant was housed in an open unit at the jail. Defendant threatened the officer and threw water from a cup. The water hit the officer in the face and arm. Defendant failed to comply with a directive to put his hands behind his back. When the officer stepped towards defendant, defendant attempted to punch the officer in the head. The officer moved his head to avoid the punch and returned a defensive punch that hit defendant. Defendant bent down and wrapped his arms around the officer's waist, squeezing it. The officer was wearing a duty belt containing a Taser, pepper spray, and a folding knife. After defendant failed to comply with a verbal command to stop, the officer kneed upward, hitting defendant's head, in an attempt to distance defendant from the officer's duty belt. Defendant fell back into a chair in a seated position. The officer gained control of defendant's hand and called for backup.

On March 27, 2018, a jury found defendant guilty of two counts of battery by gassing (§ 243.9, subd. (a); counts 1 & 2), one count of battery on a custodial officer (§ 243.1; count 4), and one count of assault on a custodial officer (§ 241.1; count 5). The jury deadlocked on the remaining count for assault on a custodial officer (§ 241.1; count 3). In a bifurcated court trial, the court found true the allegation that defendant had a prior strike conviction.

C. *Sentencing*

A combined sentencing hearing was held on April 24, 2018. Prior to the hearing, defendant filed a sentencing memorandum and requested that the trial court dismiss his prior strike conviction. Defendant indicated that he had a history of mental illness, and that his diagnoses included bipolar disorder. At the sentencing hearing, defendant's trial counsel emphasized defendant's history of mental illness and stated that defendant was currently on antipsychotic medication in jail. The trial court denied defendant's request to dismiss his

3

prior strike conviction and sentenced him to nine years four months for the in-custody offenses in the consolidated case (Nos. 17CR08103 and 18CR01092). Count 3 was dismissed on motion of the prosecutor. In the earlier burglary case (No. 17CR06943), the court found defendant in violation of his probation and sentenced him to one year four months consecutive to the term in the consolidated case, for an aggregate term of 10 years 8 months.

## III. DISCUSSION

Defendant contends the matter should be remanded for the trial court to determine his eligibility for mental health diversion under section 1001.36, which was enacted after he was sentenced. Effective June 27, 2018, section 1001.36 authorizes the trial court to grant pretrial diversion to defendants who are diagnosed with a qualifying mental disorder and meet other requirements. (*Id*., subds. (a) & (b); see Stats. 2018, ch. 34, §§ 24, 37.) Defendant, who was sentenced on April 24, 2018, argues that section 1001.36 applies retroactively to cases, such as his, that are not yet final on appeal. He also contends that the record reflects that he has a long history of mental health issues, including a diagnosis of bipolar disorder.

The Attorney General contends that section 1001.36 is not retroactive. The Attorney General further contends that even if the statute is retroactive, a remand would be futile because the trial court declined to dismiss defendant's prior strike despite defendant's assertion of mental illness, the court's comments at sentencing indicate that the court would not have exercised its discretion to grant diversion to defendant, and defendant was statutorily ineligible for probation which renders him ineligible for diversion.

A trial court may grant pretrial diversion pursuant to section 1001.36 if the defendant has not been charged with a disqualifying offense and the court finds: "(1) the defendant suffers from a qualifying mental disorder; (2) the disorder played a significant role in the commission of the charged offense; (3) the defendant's symptoms will respond to mental health treatment; (4) the defendant consents to diversion and waives his or her speedy trial

4

right; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. [Citation.]" (*People v. Frahs* (2020) 9 Cal.5th 618, 626-627 (*Frahs*).)

"If the defendant makes a prima facie showing that he or she meets all of the threshold eligibility requirements and the defendant and the offense are suitable for diversion, and the trial court is satisfied that the recommended program of mental health treatment will meet the specialized mental health treatment needs of the defendant, then the court may grant pretrial diversion. (§ 1001.36, subds. (a), (b)(3) & (c)(1).) The maximum period of diversion is two years. (*Id.*, subd. (c)(3).) If the defendant is subsequently charged with an additional crime, or otherwise performs unsatisfactorily in the assigned program, then the court may reinstate criminal proceedings. (*Id.*, subd. (d).) 'If the defendant has performed satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion' and 'the arrest upon which the diversion was based shall be deemed never to have occurred.' (*Id.*, subd. (e).)" (*Frahs*, *supra*, 9 Cal.5th at p. 627.)

After the Attorney General's brief was filed in the present case, the California Supreme Court held in *Frahs* that section 1001.36 applies retroactively to cases where, as here, the judgment is not yet final. (*Frahs*, *supra*, 9 Cal.5th at p. 624.) The California Supreme Court further determined "that a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when . . . the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder." (*Id.* at p. 640.)

Here, the record affirmatively discloses that defendant appears to suffer from bipolar disorder, and thus he "appears to meet at least the first threshold eligibility requirement for

mental health diversion." (*Frahs*, *supra*, 9 Cal.5th at p. 640; see § 1001.36, subd. (b)(1)(A) [bipolar disorder is a qualifying mental disorder].)

We are not persuaded by the Attorney General's contentions that remand would be futile in this case based on the trial court's denial of defendant's motion to dismiss his prior strike, the court's comments at sentencing, or defendant's statutory ineligibility for probation. Section 1001.36 provides that pretrial diversion may be granted if, among other requirements, the trial court is satisfied that "the defendant's mental disorder was a significant factor in the commission of the charged offense." (*Id*., subd. (b)(1)(B).) A court may reach this conclusion if "the court concludes that the defendant's mental disorder substantially contributed to the defendant's involvement in the commission of the offense." (*Ibid*.) The California Supreme Court has explained, however, that "[w]hen, as here, a defendant was tried and convicted before section 1001.36 became effective, the record on appeal is unlikely to include information pertaining to several eligibility factors . . . ." (*Frahs*, *supra*, 9 Cal.5th at p. 638.)

Here, the record reflects that defendant has a history of mental illness. At sentencing, however, the trial court indicated that it was not satisfied that defendant had provided the court with an adequate "foundation" regarding the "impact[]" of "mental illness" on defendant's conduct. Pursuant to *Frahs*, defendant is entitled to a remand and the opportunity to demonstrate his eligibility for mental health diversion under section 1001.36. (*Frahs*, *supra*, 9 Cal.5th at pp. 637-638, 640.)

Further, in *Frahs*, the California Supreme Court rejected the argument that probation ineligibility, having a prior strike, or a trial court's refusal to strike an enhancement for a prior serious felony conviction categorically disqualifies a defendant from mental health diversion. (*Frahs*, *supra*, 9 Cal.5th at pp. 638-640.) We accordingly reject similar arguments made by the Attorney General in this case.

Therefore, pursuant to the California Supreme Court's decision in *Frahs* and based on the record before us, we conclude that a conditional limited remand is appropriate for the

trial court to conduct a mental health diversion eligibility hearing. (See *Frahs*, *supra*, 9 Cal.5th at p. 640.) We express no opinion on whether defendant will be able to demonstrate eligibility for mental health diversion under section 1001.36 on remand or whether the trial court should exercise its discretion to grant diversion if it finds defendant eligible.

## IV. DISPOSITION

The judgment is conditionally reversed with the following instructions: If the trial court finds that defendant suffers from a qualifying mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the relevant statutory criteria in Penal Code section 1001.36, the court may grant defendant diversion. If defendant successfully completes diversion, the court shall dismiss the charges and allegations against defendant. However, if the court determines that defendant does not meet the criteria under Penal Code section 1001.36, or if defendant does not successfully complete diversion, defendant's conviction and sentence shall be reinstated.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
DANNER, J.

*People v. Cayot*
**H045861**